**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS,**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ETHEL LOU WEST | § | |
| | § | |
| PLAINITIFF, | § | CIVIL ACTION NO. 1:15-CV-693-SS-ML |
| | § | |
| V. | § | |
| | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| DEFENDANT. | § | |

**ORDER ON REQUEST TO PROCEED IN FORMA PAUPERIS**
**AND MOTION TO APPOINT COUNSEL AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's Complaint [#1], Motion to Proceed in Forma Pauperis [#2], and Motion to Appoint Counsel [#3].  Because Plaintiff is requesting permission to proceed in forma pauperis, the merits of her claims are subject to initial review pursuant to 28 U.S.C. § 1915(e).

**I. REQUEST TO PROCEED IN FORMA PAUPERIS**

The undersigned has reviewed Plaintiff's financial affidavit and determined she is indigent and should be granted leave to proceed in forma pauperis.  It is therefore ORDERED that Plaintiff is GRANTED in forma pauperis status and that her complaint be filed without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a).  This

1

indigent status is granted subject to a later determination the action may be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further advised, although she has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending dismissal of Plaintiff's claims.   Therefore, ***service upon Defendants should be withheld*** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II. REVIEW OF THE MERITS OF THE CLAIMS

### A.  Factual Allegations

Plaintiff[1] contends the Social Security Administration (1) has improperly deducted payments from her monthly benefit payment, (2) "keep[s]" improperly denying the application for disability of Plaintiff's minor son,[2] and (3) has improperly listed Plaintiff's husband, James West, as "head of the account without authorization."  Compl. [#1] at 1.

---

[1] Plaintiff includes her minor son as a party to her Complaint.  Because Plaintiff is not an attorney, she cannot represent her son and lacks standing to bring claims on his behalf.  *Avdeef v. Rockline Indus.*, 554 Fed App'x 269, 270 n.3 (5th Cir. 2014); *see also Sprague v. Dep't of Family and Protective Servs.*, 547 Fed App'x 507, 508 (5th Cir 2013)  (notwithstanding the  "next friend" language of Federal Rule of Civil Procedure 17(c)(2), "non-attorney parents generally may not litigate the claims of their minor children in federal court.") When and if Plaintiff properly exhausts the administrative remedies available for her son's claim for Social Security disability benefits, she may represent him in an appeal limited to that claim.  *Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000).
[2] Plaintiff has previously been instructed to redact from her filings, or refrain to file personal information of others, specifically including the full names of minor children.  *See* Cause No. 15-cv-216 [Dkt. #8], *West v. Soc. Sec. Admin.*, Order and Report and Recommendation of April 14, 2015 (adopted by Dkt. #11, Order of May 8, 2015). The Court again instructs Plaintiff to refrain from including personal information, including the full names of her minor children, in court filings.  The Clerk of this Court is ORDERED to place the Complaint in the above-styled matter, along with its attachments, under seal  in order to protect the privacy of Plaintiff's minor son.

In support of her claims, Plaintiff has attached a January 6, 2015 letter from the Social Security Administration office in Independence, Missouri, denying Claim Number ###-##-3563, brought by Ethel Lou West for her minor son.  Compl. [#1] Ex. 1, p. 1.  The denial letter provides instructions on how to request an administrative appeal hearing.  *Id.* at 3.  Plaintiff does not allege that she requested an administrative appeal hearing of the denial of Claim Number ###-##-3563, nor does she complain of any final decision issued by a hearing officer.  *See generally* Compl. [Dkt. #1].  Plaintiff has also attached a July 28, 2015 letter from Disability Determination Services in Austin, Texas, cancelling a Social Security consultative examination of Plaintiff's minor son in connection with Claim Number C####8.  Compl. [Dkt. #1], Ex. 2. The letter is addressed to plaintiff's husband, James West, on behalf of the minor child, to which Plaintiff objects.  *Id.*; *see also* Compl. [Dkt. #1] at 1.  Plaintiff does not allege or show that any final administrative decision has been reached with respect to Claim Number C####8.  To the extent Plaintiff complains the Social Security Administration erred in addressing correspondence relating to this claim to Plaintiff's husband instead of to her on behalf of the minor claimant, Plaintiff has not alleged or shown that she has made any effort to bring this claimed error to the attention of the Social Security Administration in writing or otherwise.  *See* Compl. [Dkt. #1] at 1 (enumerating a list of complaints and then stating, without further elaboration, that Plaintiff "went to Austin, TX SSA, and they didn't help at all.").

### B. Standard of Review

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it lacks an arguable basis

in fact or law. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

The court must also initially examine the basis for federal subject matter jurisdiction. A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995). With regard to judicial review of decisions made by the Social Security Administration concerning benefits, eligibility, and other matters, federal jurisdiction is limited by statute to review of a "final decision of the Secretary made after a hearing." *Brandyburg v. Sullivan*, 959 F.2d 555, 558 (5th Cir. Tex. 1992) (citing *Califano v. Sanders*, 430 U.S. 99 (1977)); *see also* 42 U.S.C. § 405(g). "If a statute requires a plaintiff to exhaust administrative remedies, [her] failure to do so deprives this court of subject-matter jurisdiction." *Lowe v. Colvin*, 582 Fed. App'x 323, 324 (5th Cir. 2014) (unpublished) (citing *Taylor v. U.S. Treas. Dep't*, 127 F.3d 470, 475 (5th Cir 1997) (per curiam)).

### C. Discussion

Plaintiff's complaints concerning the Social Security Administration's calculation of her benefits, inclusion of her husband in her son's disability applications, and the eligibility of her son for disability payments are all governed by the broad statutory exhaustion requirement of 42 U.S.C. § 405(g). This Court may review only a "final decision . . . made after a hearing." *Id.* Plaintiff's complaint does not identify any reviewable final agency decision. *See generally* Compl. [Dkt. #1]. Though Plaintiff has attached documentation showing that the Social Security office in Missouri denied an application for disability benefits made on behalf of her son, Compl. [Dkt. #1], Ex. 1, she has not alleged or shown that she requested an administrative appeal hearing or took any other action to exhaust her administrative remedies as to this disability application. Likewise, Plaintiff attaches documentation that seems to indicate a second

disability claim has been filed on behalf of her minor son in Austin, Texas, Compl. [Dkt. #1], Ex. 2, but does not allege or show that any final decision has been made regarding this claim. Plaintiff makes no allegation that she has attempted to pursue any administrative remedy pertaining to the allegedly mistaken inclusion of her husband in the procedural development of this disability claim. Because Plaintiff does not complain of any final decision made after a hearing the Court has no jurisdiction over her claims. *Brandyburg*, 959 F.2d at 558.

The undersigned notes that Plaintiff Ethel Lou West has filed five previous claims before this Court in the past year, each of which the undersigned has recommended be dismissed for lack of jurisdiction, failure to state a cognizable claim for relief, and/or frivolousness. Each recommendation of dismissal was adopted by the District Court. [3] Ms. West has previously had multiple claims dismissed before the Northern District of Texas, where she is currently domiciled, for failure to prosecute and as frivolous. Ms. West has been warned in her previous cases, and is hereby once again reminded that sanctions may become appropriate when a pro se litigant develops a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Such sanctions may include a broad injunction, barring her from filing any future actions in the Western District of Texas without leave of court. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators).

---

[3] *West v. Soc. Sec. Admin.*, No. 1-15-cv-216 (dism'd May 8, 2015; *West v. Att'y Gen. Child Support*, No. 1-15-cv-217 (dism'd May 8, 2015); *West v. The Hills Apts.*, No. 1-15-cv-218 (dism'd May 8, 2015); *West v. Lew Sterrett Justice Center of Dallas County*, No. 1-15-cv-219 (dism'd May 8, 2015); and *West v. HUD Housing of Texas and Missouri*, No. 1-15-cv-220 (dsim'd May 8, 2015).

### III. RECOMMENDATION

The Magistrate Court hereby GRANTS Plaintiff's Application to Proceed In Forma Pauperis;

The Magistrate Court further ORDERS the Clerk of this Court to file Plaintiff's Complaint and all attachments thereto under seal to protect the privacy of the minor child named therein;

The Magistrate Court further ORDERS Plaintiff to refrain from filing the personal information of others, including the full name of any minor child, in any future court filings.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned RECOMMENDS the District Court DISMISS Plaintiff's cause of action without prejudice for failure to exhaust administrative remedies and further RECOMMENDS that the District Court DENY all other pending motions and requests for relief, including but not limited to Plaintiff's Motion for Appointment of Counsel [Dkt. #3].

The undersigned finally RECOMMENDS the District Court consider declaring Plaintiff, Ethel Lou West, a vexatious litigant  because the current Complaint concerns administrative claims that are patently unexhausted, and it was filed within months of this Court's dismissal, pursuant to 28 U.S.C. § 1915(e), of five prior claims filed by West in a single year.  Given West's prolific and meritless fiings, the undersigned recommends the District Court consider an injunction barring Ethel Lou West from filing any future actions in the Western District of Texas without leave of court.

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED on August 12, 2015.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE